# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 07 B 266 |
| | ) | |
| HOLLY MARINE TOWING, INC., | ) | Honorable Susan Pierson Sonderby |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |
| Address: 13029 S. Baltimore Ave., Chicago, Illinois 60633 | ) ) | |
| Former Address: 9320 S. Ewing Ave., Chicago, Illinois 60617 | ) ) ) | Hearing: March 26, 2008, at 10:30 a.m. |
| Employer Identification No. 36-3881458 | ) | |

## NOTICE OF APPLICATION

PLEASE TAKE NOTICE that on **March 26, 2008, at 10:30 a.m.** we shall appear before the Honorable Susan Pierson Sonderby, or any judge sitting in her stead, in courtroom 642, at 219 South Dearborn Street, Chicago, Illinois 60604, and then and there present the *Fee Application of Scouler & Company as Consultant and Financial Advisor to the Official Committee of Unsecured Creditors*, a copy of which is attached hereto and hereby served upon you. The Application seeks an award of compensation to Scouler & Company in the amount of $21,905.00 and the reimbursement of $2,189.88 of expenses. The detailed statement of services for which compensation is sought is on file with the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division and is available at http://www.ilnb.uscourts.gov/ and upon request to the undersigned.

Dated: March 6, 2008

Respectfully submitted,

By: /s/ Joseph B. DiRago
Counsel to the Committee

Harley J. Goldstein (No. 6256010)
Joseph B. DiRago (No. 6282756)
BELL, BOYD & LLOYD LLP
70 West Madison Street, Suite 3100
Chicago, Illinois 60602
Telephone: 312.372-1121
Facsimile: 312.827.8000

449704/E/1

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 07 B 266 |
| | ) | |
| HOLLY MARINE TOWING, INC., | ) | Honorable Susan Pierson Sonderby |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |
| | ) | Hearing: March 26, 2008, at 10:30 a.m. |

**FEE APPLICATION OF SCOULER & COMPANY AS CONSULTANT
AND FINANCIAL ADVISOR TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS**

Scouler & Company ("*Scouler*"), consultant and financial advisor to the Official Committee of Unsecured Creditors (the "*Committee*") appointed in the above-captioned bankruptcy case, hereby submits this *Fee Application of Scouler & Company as Consultant and Financial Advisor to the Official Committee of Unsecured Creditors* (the "*Fee Application*"), relating to services rendered and expenses incurred from November 6, 2007 through November 30, 2007 (the "*Application Period*"), and in support hereof, states as follows:

**BACKGROUND**

The above-captioned debtor (the "*Debtor*") filed its petition for relief under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*") on January 8, 2007. The Committee was appointed by the United States Trustee on February 8, 2007. Scouler was retained by the Committee on November 14, 2007.

Herein, Scouler seeks approval of compensation during the Application Period in the amounts of $21,905.00 in reasonable and necessary fees and $2,189.88 in actual expenses. Detailed schedules of the services rendered and expenses incurred by Scouler during the Application Period are attached hereto and incorporated herein as *Exhibit A*.

448947/E/1

## JURISDICTION AND VENUE

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157. Venue is proper in this district pursuant to 28 U.S.C. § 1408 and 1409.

## DISCUSSION

### Legal Standard

Section 330(a) of the Bankruptcy Code provides, in pertinent part, that:

> [T]he court may award . . . reasonable compensation for actual, necessary services rendered by . . . any paraprofessional person . . . and . . . reimbursement for actual, necessary expenses. . . . In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including – (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, an case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

The Seventh Circuit Court of Appeals has stated that:

> The computation of hourly fees depends on the number of hours "reasonably" expended, the hourly rate of each [professional], the calculation of the time value of money (to account for delay in payment), potential increases and decreases to account for risk and the results obtained, and a complex of other considerations under the heading of "billing judgment."

*Kirchoff v. Flynn*, 785 F.2d 320, 325 (7th Cir. 1986). Additionally, other courts of appeal have recognized that:

> [I]t is important for the court to maintain a sense of overall proportion and not become enmeshed in meticulous analysis of every detailed facet of the professional representation. It is easy to speculate in retrospect that the work could have been done in less time or with fewer attorneys or with an associate rather than a partner. On the other hand, it is also possible that [the client] would not have enjoyed the success it did had its counsel managed matters differently.

*Boston and Main Corp. v. Moore*, 776 F.2d 2, 10 (1st Cir. 1985) (citations omitted).

In evaluating this Fee Application, the Court should consider the issues presented, the skill required to perform the financial services properly, the preclusion of other employment caused by Scouler's retention in this case, the customary fees charged in similar cases, the existence of time limits under which the services were rendered, the results obtained, the experience and ability of the consultants involved, and the amount of awards of compensation in similar cases. *See In re Alberto*, 121 B.R. 531, 534 (Bankr. N.D. Ill. 1990).

### Summary of Compensation Requested

Scouler's hourly rates of compensation for professionals during the Application Period range from $250.00 to $600.00. Those rates are comparable to rates charged by other consultants and financial advisors having the same amount of experience and expertise for similar services. Scouler constantly and consciously made every reasonable effort to advise the Committee in the most economical, efficient, and practical manner possible.

A summary of the compensation requested herein regarding each of the Scouler professionals is set forth below:

| Consultant | Hourly Rate | Total Hours | Total Compensation Requested |
|---|---|---|---|
| Dan Scouler | $600.00 | 0.3 | $180.00 |
| Al Kirchhein | $450.00 | 4.2 | $1,890.00 |
| Bob Noyes | $400.00 | 49.4 | $19,760.00 |
| Gillian Scouler | $250.00 | 0.3 | $75.00 |
| | Totals: | 54.2 | $21,905.00 |

Blended Rate:   $404.15

No Agreement or understanding exists between Scouler and any other person for the sharing of compensation received or to be received in connection with this chapter 11 case, other than as disclosed or authorized pursuant to the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

Scouler reserves the right to correct, amend, or supplement this Fee Application.

### Results Achieved

During its employment by the Committee, Scouler has provided a substantial benefit to the Debtor's general unsecured creditors by reviewing the Debtor's financial records and developing financial projections which were used by the Committee to solicit potential lenders to refinance the Debtor's secured debt. Scouler worked closely with the Debtor's principal, Holly Headland, in developing accurate forecasts of the Debtor's future performance. At the Debtor's request, Scouler also communicated its findings to various lenders who were interested in potentially refinancing the Debtor's loan facility.

### Expenses Incurred

Scouler incurred actual out of pocket expenses in the amount of $2,189.88, all of which were necessary and proper in advising the Committee in this bankruptcy proceeding. Scouler makes no profit on the expenses requested herein, and Scouler charges its private clients for expenses in the exact manner as requested herein. The expenses are further detailed by category below:

<u>Airfare</u>: Scouler incurred airfare in the amount of $1,247.60. Professionals at Scouler flew to and from Chicago on two separate occasions from its office in New York.

<u>Auto Rental/Parking/Taxi</u>: Scouler incurred expenses in the amount of $327.69 relating to taxis and renting and parking cars in Chicago while Scouler professionals were at the Debtor's facility.

<u>Lodging and Meals</u>: Scouler incurred lodging and meal expenses in the amount of $587.04 while Scouler professionals were in Chicago.

<u>Other Fees, Telephone, Printing, Copies, Shipping</u>: Scouler incurred miscellaneous expenses in the amount of $27.55.

### **NOTICE**

Pursuant to Rule 2002(a) of the Federal Rules of Bankruptcy Procedure, twenty (20) days notice of this Fee Application has been provided to (a) counsel to the Debtor; (b) the office of the

United States Trustee; (c) all of the Debtor's creditors as set forth on the creditor matrix established in this case; and (d) all parties that have filed requests for service of papers in this case.

**WHEREFORE**, Scouler respectfully requests that the Court enter an order:

(a) allowing and authorizing payment to Scouler for $21,905.00 in reasonable and necessary fees and $2,189.88 in actual expenses for the period of November 6, 2007 through November 30, 2007; and

(b) granting such other and further relief this Court deems just and proper.

Dated: March 6, 2008

Respectfully submitted,

By: /s/ Joseph B. DiRago
    Counsel to the Committee

BELL, BOYD & LLOYD LLP
Harley J. Goldstein (No. 6256010)
Joseph B. DiRago (No. 6282756)
70 West Madison Street, Suite 3100
Chicago, Illinois 60602
Telephone: 312.372.1121
Facsimile: 312.827.8000