# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 Liquidation |
| | ) | |
| **HOLLY MARINE TOWING, INC.,** | ) | Case No. 07 B 00266 |
| | ) | |
| Debtor. | ) | The Honorable Susan Pierson Sonderby |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on September 27, 2011, at 10:00 a.m., or as soon thereafter as counsel may be heard, we shall appear before the Honorable Susan Pierson Sonderby or any other judge sitting in her stead in Room 642 of the United States Bankruptcy Court for the Northern District of Illinois, located at 219 South Dearborn Street, Chicago, Illinois, and then and there present the attached **First and Final Fee Application of Michael D. Pakter and Gould & Pakter Associates, LLC, as Its Accountant, for Payment of Compensation for Services Rendered for the Period From April 1, 2008 Through December 31, 2009,** at which time and place you may appear if you see fit.

Dated: August 29, 2011

Respectfully submitted,

RONALD R. PETERSON, not individually but as chapter 7 trustee for the bankruptcy estate of Holly Marine Towing, Inc.

By: /s/ *Ronald R. Peterson*
    One of his attorneys

Ronald R. Peterson
Michael J. Kelly
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL  60654
Telephone:  (312) 222-9350
Facsimile:  (312) 840-7381

**CERTIFICATE OF SERVICE**

I, Ronald R. Peterson, an attorney, hereby certify that on August 29, 2011, a copy of the **Notice of Motion** and **First and Final Fee Application of Michael D. Pakter and Gould & Pakter Associates, LLC, as Its Accountant, for Payment of Compensation for Services Rendered for the Period From April 1, 2008 Through December 31, 2009** was served by the Court's ECF system on the parties listed below**.**

                                                    */s/ Ronald R. Peterson*
                                                     Ronald R. Peterson


- Paul M Bauch    pbauch@bauch-michaels.com
- Robert R Benjamin    rrbenjamin@golanchristie.com, lreuther@golanchristie.com;jfunk@golanchristie.com;gdaya@golanchristie.com;mperez@golanchristie.com
- Sarah H Bryan    sarah.bryan@klgates.com
- Francisco Connell    fconnell@querrey.com, kgord@chuhak.com
- Joseph B DiRago    jdirago@lockelord.com
- Thomas R. Fawkes    tfawkes@freebornpeters.com, bkdocketing@freebornpeters.com
- Cynthia G. Feeley    feeleypc@aol.com
- Shari L. Friedman    sfriedman@mmr-law.com, jturner@mmr-law.com
- Chad H. Gettleman    cgettleman@ag-ltd.com
- Harley J. Goldstein    , teresa.gomez@klgates.com
- Geoffrey S. Goodman    ggoodman@foley.com, egreen@foley.com;khall@foley.com
- Jeffrey M Heller    jeffrey.heller@klgates.com, teresa.gomez@klgates.com
- Vivek Jayaram    vivek@jayaramlaw.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- Douglas J. Lipke    dlipke@vedderprice.com, ecfdocket@vedderprice.com
- Matthew E. McClintock    matthew.mcclintock@klgates.com, teresa.gomez@klgates.com;matthew.anderson@klgates.com
- Henry B. Merens    hbm@ag-ltd.com
- Kenneth A. Michaels    kmichaels@bauch-michaels.com, pbauch@bauch-michaels.com
- James E. Morgan    james.morgan@klgates.com, teresa.gomez@klgates.com;;brian.martin@klgates.com
- Sven T Nylen    sven.nylen@klgates.com, teresa.gomez@klgates.com
- John M. Riccione    jriccione@agdglaw.com
- Carolina Y Sales    csales@bauch-michaels.com, smohan@bauch-michaels.com
- Eileen M Sethna    esethna@chuhak.com, rsaldivar@chuhak.com;kgord@chuhak.com
- Brian L Shaw    bshaw100@shawgussis.com, bharrington@shawgussis.com
- Daniel A Zazove    docketchi@perkinscoie.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 Liquidation |
| | ) | |
| **HOLLY MARINE TOWING, INC.,** | ) | Case No. 07 B 00266 |
| | ) | |
| Debtor. | ) | The Honorable Susan Pierson Sonderby |
| | ) | |
| | ) | Hearing Date:  September 27, 2011 |
| | ) | Hearing Time:  **10:00** a.m. |

**FIRST AND FINAL FEE APPLICATION OF MICHAEL D. PAKTER AND
GOULD & PAKTER ASSOCIATES, LLC, AS ITS ACCOUNTANT,
FOR PAYMENT OF COMPENSATION FOR SERVICES RENDERED
FOR THE PERIOD FROM APRIL 1, 2008 THROUGH DECEMBER 31, 2009**

Michael D. Pakter ("Pakter") and Gould & Pakter Associates, LLC ("G&P") (collectively referred to as "Pakter/G&P"), as Forensic Accountants to Ronald R. Peterson, the chapter 7 trustee (the "Trustee") for the estate of Holly Marine Towing, Inc. (the "Debtor"), hereby submits, pursuant to 11 U.S.C. §§ 327, 330 and 331 and the Order Granting Trustee's Motion to Employ Accountant, this first and final fee application (the "Final Application") for approval and allowance of final compensation in the amount of $48,216.00 for the reasonable and necessary accounting services rendered to the Trustee for the period from April 1, 2008 through December 31, 2009 (the "Compensation Period").  In further support of this Final Application, Pakter/G&P respectfully states as follows:

INTRODUCTION

1. This Court has jurisdiction over this Final Application pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (B). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 328, 330 and 331 of Title 11 of the United States Code (11 U.S.C. §§ 101-1532, the "Bankruptcy Code"), as

supplemented by Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 promulgated by the United States Department of Justice, dated on January 30, 1996 (the "UST Guidelines"), the Administrative Order and the Customer Adequate Protection Stipulation (collectively, the "Guidelines").

## BACKGROUND

3. On January 8, 2007 (the "Petition Date"), the Debtor commenced this case (the "Case") in the United States Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Subsequently, on January 29, 2008, the U.S. Trustee moved to convert the Case to chapter 7. On March 26, 2008, the Case was converted to a chapter 7 case pursuant to section 1112 of the Bankruptcy Code.

4. The Trustee was appointed interim chapter 7 trustee for the Case on March 31, 2008, and thereafter became the permanent case trustee. On April 24, 2008, the Trustee filed a motion seeking authorization to employ Pakter/G&P as his forensic accountants. The Court entered an order on May 6, 2008, approving the Trustee's employment of Pakter/G&P.

## PROFESSIONAL COMPENSATION AND REIMBURSEMENT OF EXPENSES

5. Pakter/G&P submits this Final Application seeking approval and allowance of final compensation in the amount of $48,216.00 for services rendered during the Compensation Period.

6. Pakter/G&P waives reimbursement for its out of pocket expenses incurred during the Compensation Period.

2

7. This is Pakter/G&P first and final application for payment of compensation or expenses. Pakter/G&P received no pre-petition retainer from the Trustee.

8. Attached hereto as <u>Exhibit A</u> is the biographical information pertaining to those consultants who have been primarily involved in the representation of the Trustee. Each consultant has significant experience and expertise in bankruptcy and for the matters for which Pakter/G&P was engaged by the Trustee.

9. Attached hereto as <u>Exhibit B</u> is a schedule setting forth all Pakter/G&P professionals and paraprofessional who have performed services in this chapter 7 case during the Compensation Period, the hourly billing rate charged for services performed by such individual, the aggregate number of hours expended in this matter and fees billed therefor.

10. Attached hereto as <u>Exhibit C</u> is a summary by project categories/phases of the fees generated by the services performed during the Compensation Period.

11. The fees charged by Pakter/G&P in this case are billed in accordance with its existing billing rates and procedures in effect during the Compensation Period. The rates Pakter/G&P charges for the services rendered by its professionals and paraprofessional in this chapter 7 case are the rates charged by the firm for professional and paraprofessional services rendered in comparable non-bankruptcy related matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market.

12. All of the services for which final compensation is sought were rendered to the Trustee solely in connection with this case, in furtherance of the duties and functions of the Trustee and not on behalf of any individual creditor or other person.

13. Pakter/G&P has not entered into any agreement, express or implied, with any other

3

party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in this case.

14.    Pakter/G&P has not shared, or agreed to share, (a) any compensation it has received or may receive with another party or person, other than with the members, counsel and associates of the firm, or (b) any compensation another person or party has received or may receive.  No promises have been received by Pakter/G&P or any member thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

15.    The Trustee has reviewed and approved Pakter/G&P's monthly fee statements prior to the filing of this Final Application.

<u>SUMMARY OF SERVICES PROVIDED</u>

16.    The professional services that Pakter/G&P rendered during the Compensation Period are divided into four categories/phases as described below.  The following summary is intended to highlight the services rendered in each category/phase and is not intended to be a comprehensive detailed description of the work performed.  Detailed descriptions of the day-to-day services provided and the time expended performing such services in each project billing category/phases are attached as <u>Exhibit D</u> hereto.

    A.    CASE ADMINISTRATION AND CASE MANAGEMENT

Pakter/G&P spent 68 hours on case administration and management and waives payment for these services.  This phase includes conducting conflict check; preparing Affidavit of Disinterestedness; researching, receiving and downloading documents; telephone calls; travel; and preparation of fee application.

    B.    GATHERING AND REVIEWING INFORMATION/DOCUMENTATION

Pakter/G&P expended 99.5 hours, at an aggregate charge of $15,880.00, on matters relating to gathering and reviewing information and documentation during the

4

Compensation Period. This phase of Pakter/G&P's employment includes activities to enable it to to gain an understanding of the facts and the circumstances specific to this case and for planning related party financial analysis and other analyses.

C.    COMMUNICATIONS AND MEETING WITH TRUSTEE AND COUNSEL

During the Compensation Period, Pakter/G&P expended 57.1 hours, at an aggregate charge of $10,742.00, on matters relating to communications and meeting with Trustee, including meeting with Trustee's legal counsel and other persons with knowledge of information and/or documentation to enable it to determine the scope of its work and to implement engagement planning; providing results of forensic, financial and data analyses concerning investigating related party financial analyses and other analyses relating to written off and/or written down accounts receivable, related parties and other issues.

D.    FINANCIAL AND DATA ANALYSES

Pakter/G&P expended 211.9 hours, at an aggregate charge of $21,594.00 performing financial and data analyses, at the direction of Trustee's legal counsel, following the Trustee's July 25, 2008 Memorandum regarding Forensic Accounting Investigation and Action Plan; performing other analytical, investigative reporting and concluding steps relating to written off and/or written down accounts receivable, related parties and other issues.

THE REQUESTED COMPENSATION SHOULD BE ALLOWED

17.    The foregoing professional services rendered during the Compensation Period were necessary and appropriate to the administration of the chapter 7 case and were in the best interests of the parties in interest. Compensation for the foregoing services as requested is

5

commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved. Pakter/G&P has taken significant efforts to ensure that the professional services were performed with expedience and in an efficient manner and without duplication of effort.

18. Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered … and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Id. § 330(a)(3).

19. Pakter/G&P respectfully submits that the services for which it seeks compensation in this Final Application were necessary for and beneficial to the Trustee's efforts in administering the Debtor's estate, and necessary to and in the best interests of the Debtor's estate. Pakter/G&P further submits that the compensation requested herein is reasonable in light

6

of the nature, extent, and value of such services provided to the Trustee.

20. In sum, the services rendered by Pakter/G&P were necessary and beneficial to the Debtor's estate, and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Accordingly, approval of the final compensation sought herein for the Compensation Period is warranted.

## NOTICE

21. The Trustee has given notice of the Motion to: (a) the United States Trustee, and (b) all parties who have registered to receive ECF service in this case. The Trustee believes this notice is sufficient and requests that the Court waive any further notice requirement.

## **Conclusion**

WHEREFORE, Pakter/G&P respectfully requests: (i) allowance and payment of final compensation for professional services rendered during the Compensation Period in the amount of $48,216.00; and (ii) that the Court grant Pakter/G&P such other and further relief as is just.

Dated: August 29, 2011

Respectfully submitted,

RONALD R. PETERSON, not individually but as chapter 7 trustee for the bankruptcy estate of Holly Marine Towing, Inc.

By: /s/ *Ronald R. Peterson*
     One of his attorneys

Ronald R. Peterson
Michael J. Kelly
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654
Telephone: (312) 222-9350
Facsimile: (312) 840-7381

7