## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 07-00266 |
| | ) | |
| HOLLY MARINE TOWING, INC., | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Susan Pierson Sonderby |
| | ) | |
| | ) | Hearing:  December 20, 2011 at 10:00 a.m. |

## FINAL FEE APPLICATION OF K&L GATES LLP AS
## LITIGATION COUNSEL TO THE CHAPTER 7 TRUSTEE

K&L Gates LLP ("*K&L Gates*"), counsel to Ronald R. Peterson, not individually but as chapter 7 trustee of the Holly Marine Towing, Inc. bankruptcy estate (the "*Trustee*"), hereby submits its *Final Fee Application of K&L Gates LLP as Litigation Counsel to the Chapter 7 Trustee* (the "*Application*"), relating to services rendered and expenses incurred from March 31, 2008 through March 23, 2011 (the "*Application Period*"), and in support thereof, states as follows:

## BACKGROUND

1.      On January 8, 2007 (the "*Petition Date*"), Holly Marine Towing, Inc. (the "*Debtor*") filed a voluntary petition for relief under chapter 11 of the title 11 of the United States Code (the "*Bankruptcy Code*") in the United States Bankruptcy Court for the Northern District of Illinois (the "*Court*").  On March 26, 2008, the Court entered an order converting the Debtor's case to a proceeding under chapter 7 of the Bankruptcy Code.  The Trustee was appointed on March 31, 2008.

2.      On May 13, 2008, this Court entered the *Order Authorizing Chapter 7 Trustee to Retain Bell, Boyd & Lloyd LLP as Litigation Counsel*, effective as of May 13, 2008.  Effective

March 1, 2009, the law firm of Bell, Boyd & Lloyd LLP combined with K&L Gates.  A notice of change of firm name was filed in this case on March 3, 2009.

3.      On September 3, 2009, K&L Gates filed its *First Interim Fee Application of K&L Gates LLP as Counsel to the Chapter 11 Trustee* (the "*First Interim Application*") requesting that this Court enter an order allowing K&L Gates $114,231.00 in reasonable and necessary fees and $1,873.91 in actual expenses for the period of March 31, 2008 through July 31, 2009 (Docket No. 623).  This Court entered an order approving the First Interim Application on March 2, 2010 (Docket No. 674), allowing K&L Gates $114,051.00 in reasonable and necessary fees ($180 in fees were disallowed) and $1,677.41 in actual expenses ($196.50 in expenses were disallowed).

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The statutory predicates for the relief requested herein are sections 330, 331, 503(b), and 507(a)(1) of the Bankruptcy Code, and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*").

### DISCUSSION OF APPLICABLE STANDARD

6.      Section 330(a) of the Bankruptcy Code provides, in pertinent part, that:

> [T]he court may award . . . reasonable compensation for actual, necessary services rendered by the . . . attorney and by any paraprofessional person . . . and . . . reimbursement for actual, necessary expenses. . . .  In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including – (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with

the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a).

7.    The Seventh Circuit Court of Appeals has stated that:

The computation of hourly fees depends on the number of hours "reasonably" expended, the hourly rate of each [professional], the calculation of the time value of money (to account for delay in payment), potential increases and decreases to account for risk and the results obtained, and a complex of other considerations under the heading of "billing judgment."

*Kirchoff v. Flynn*, 786 F.2d 320, 325 (7th Cir. 1986).  Additionally, other courts of appeal have

recognized that:

[I]t is important for the court to maintain a sense of overall proportion and not become enmeshed in meticulous analysis of every detailed facet of the professional representation.  It is easy to speculate in retrospect that the work could have been done in less time or with fewer attorneys or with an associate rather than a partner.  On the other hand, it is also possible that [the client] would not have enjoyed the success it did had its counsel managed matters differently.

*Boston and Main Corp. v. Moore*, 776 F.2d 2, 10 (1st Cir. 1985) (citations omitted).

8.    In reviewing the Application, the Court should be guided by the Seventh Circuit's

instruction to ascertain whether such services were rendered and billed in accordance with the

established market for legal services in similar matters:

[I]t is not the function of judges in fee litigation to determine the equivalent of the medieval just price.  It is to determine what the lawyer would receive if he was selling his services in the market rather than being paid by court order.

*In re Continental Illinois Securities Litigation*, 962 F.2d 566, 568 (7th Cir. 1992); *see Mann v.*

*McCombs (In re McCombs)*, 751 F.2d 286, 288 (8th Cir. 1984) (section 330 "is meant to

encourage high standards of professional legal practice in the bankruptcy courts. . . .  Bankruptcy

courts must consider whether the fee awards are commensurate with fees for professional services in non-bankruptcy cases, thus providing sufficient economic incentive to practice in bankruptcy courts").

9. In *Continental Securities*, the Seventh Circuit found error in the lower court's practice of: (a) placing ceilings on the hourly rates of all lawyers; (b) refusing to allow paralegal services to be compensated at market rate; (c) refusing to award a risk multiplier; (d) making large across-the-board cuts in research time; (e) making large across-the-board cuts in conference time; and (f) refusing to allow attorneys to bill computerized legal research services (*e.g.*, Westlaw). *Continental Illinois Securities Litigation*, 962 F.2d at 568-70.

10. In evaluating the Application, this Court should consider the novelty and difficulty of the issues presented, the skill required to perform the legal services properly, the preclusion of other employment caused by K&L Gates' retention in this case, the customary fees charged in similar cases, the existence of time limits under which the services were rendered, the results obtained, the experience and ability of the attorneys involved, and the amount of awards of compensation in similar cases. *See In re Alberto*, 121 B.R. 531, 534 (Bankr. N.D. Ill. 1990).

## SERVICES PERFORMED

11. K&L Gates' hourly rates of compensation for attorneys and paraprofessionals during 2008 ranged from $180 to $700 (however, no professional with a 2008 hourly rate in excess of $505 has performed services herein). For the 2009 calendar year, hourly rates of compensation for attorneys and paraprofessionals ranged from $55 to $750 (however, no professional with a 2009 hourly rate in excess of $550 has performed services herein). For the 2010 calendar year, hourly rates of compensation for attorneys and paraprofessionals ranged from $65 to $990 (however, no professional with a 2010 hourly rate in excess of $555 has

performed services herein).  In 2001, the only K&L Gates professional that has performed services herein had an hourly rate of $325.  K&L Gates consistently and consciously made every reasonable effort to represent the Trustee in the most economical, efficient, and practical manner possible.

12.     As discussed above, K&L Gates has already filed one interim fee application detailing the services rendered and actual and necessary expenses incurred from March 31, 2008 through July 31, 2009.  For August 1, 2009 through March 23, 2011, K&L Gates seeks approval and allowance of compensation in the amount of $27,277 and reimbursement of expenses in the amount of $3,216.04, for a total of $30,493.04.[1]

13.     Monthly statements detailing the services rendered and actual and necessary expenses incurred by K&L Gates between August 1, 2009 and March 23, 2011 are attached hereto and incorporated herein as follows:

- Exhibit A:  *August 2009 Statement of Services Rendered and Expenses Incurred*;
- Exhibit B:  *September 2009 Statement of Services Rendered and Expenses Incurred;*
- Exhibit C:  *October 2009 Statement of Services Rendered and Expenses Incurred;*
- Exhibit D:  *November 2009 Statement of Services Rendered and Expenses Incurred;*
- Exhibit E:  *December 2009 Statement of Services Rendered and Expenses Incurred;*
- Exhibit F:  *January 2010 Statement of Services Rendered and Expenses Incurred;*
- Exhibit G:  *February 2010 Statement of Services Rendered and Expenses Incurred;*
- Exhibit H:  *March 2010 Statement of Services Rendered and Expenses Incurred;*
- Exhibit I:  *April 2010 Statement of Services Rendered and Expenses Incurred;*
- Exhibit J:  *May 2010 Statement of Services Rendered and Expenses Incurred;*

---

[1]     This Application also includes two time entries from June 2009 that were not included in the First Interim Application.  Such entries are for work performed by Harley Goldstein in the aggregate amount of $165, and are included in the *August 2009 Statement of Services Rendered and Expenses Incurred.*

- <u>Exhibit K</u>:  *June 2010 Statement of Services Rendered and Expenses Incurred;*

- <u>Exhibit L</u>:  *July-August 2010 Statement of Services Rendered and Expenses Incurred;*

- <u>Exhibit M</u>:  *September 2010 Statement of Services Rendered and Expenses Incurred;*

- <u>Exhibit N</u>:  *November 2010 Statement of Services Rendered and Expenses Incurred;* and

- <u>Exhibit O</u>:  *March 2011 Statement of Services Rendered and Expenses Incurred.*

14.     In preparing this Application, K&L Gates calculated the amount of time spent by each attorney and paralegal performing actual and necessary legal services on behalf of the Trustee.  The data came directly from computer records that are kept for each of K&L Gates' clients and are generated by time entries recorded by each K&L Gates billable timekeeper.  These entries are reported to the firm's computer which produced the time records for the Application.

15.     No agreement or understanding exists between K&L Gates and any other person for the sharing of compensation received or to be received in connection with these bankruptcy cases, other than as disclosed or authorized pursuant to the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

16.     K&L Gates reserves the right to correct, amend, or supplement this Application.

17.     A summary of compensation requested herein regarding each of the K&L Gates professionals and paraprofessionals is set forth below:[2]

---

[2]     The following charts include the $180.00 in compensation that was disallowed pursuant to the First Interim Application.  As reflected in this Application and the total amounts requested herein, K&L Gates is not seeking compensation for such amounts previously disallowed.

## Services Rendered in 2008 During the Application Period

| Timekeeper | Title | Year of Illinois Bar Admission | Hourly Rate | Total Hours | Total Compensation Requested |
|---|---|---|---|---|---|
| Harley J. Goldstein | Partner | 1998 | $505.00 | 18.0 | $9,090.00 |
| James E. Morgan | Partner | 1993 | $500.00 | 63.1 | $31,550.00 |
| Sven T. Nylen | Associate | 2002 | $325.00 | 3.6 | $1,170.00 |
| Joseph B. DiRago | Associate | 2004 | $300.00 | 18.8 | $5,640.00 |
| Sarah H. Bryan | Associate | 2007 | $250.00 | 6.2 | $1,550.00 |
| Jeffrey M. Heller | Associate | 2007 | $250.00 | 9.5 | $2,375.00 |
| Teresa Gomez | Paraprofessional | N/A | $180.00 | 7.6 | $1,368.00 |
| Susan E. Thoma | Paraprofessional | N/A | $180.00 | 21.0 | $3,780.00 |
| Kristin E. Collins | Analyst | N/A | $50.00 | 1.0 | $50.00 |
| **TOTAL** | | | | **148.8** | **$56,573.00** |
| **Blended Rate for All Timekeepers:** | | | | | **$380.19** |

## Services Rendered in 2009 During the Application Period

| Timekeeper | Title | Year of Illinois Bar Admission | Hourly Rate | Total Hours | Total Compensation Requested |
|---|---|---|---|---|---|
| Harley J. Goldstein | Partner | 1998 | $550.00 | 4.6 | $2,530.00 |
| James E. Morgan | Partner | 1993 | $525.00 | 46.9 | $24,622.50 |
| Sven T. Nylen | Associate | 2002 | $350.00 | 0.1 | $35.00 |
| Matthew E. McClintock | Associate | 2003 | $350.00 | 1.4 | $490.00 |
| Sarah H. Bryan | Associate | 2007 | $270.00 | 121.4 | $32,778.00 |
| Jeffrey M. Heller | Associate | 2007 | $270.00 | 28.3 | $7,641.00 |
| Teresa Gomez | Paraprofessional | N/A | $180.00 | 37.4 | $6,732.00 |
| Law Librarian | Paraprofessional | N/A | $165.00 | 0.5 | $82.50 |
| Frank Loranca | Paraprofessional | N/A | $150.00 | 0.6 | $90.00 |
| **TOTAL** | | | | **241.2** | **$75,001.00** |
| **Blended Rate for All Timekeepers:** | | | | | **$310.95** |

**Services Rendered from January 1, 2010 – May 31, 2010 During the Application Period**

| Timekeeper | Title | Year of Illinois Bar Admission | Hourly Rate | Total Hours | Total Compensation Requested |
|---|---|---|---|---|---|
| James E. Morgan | Partner | 1993 | $555.00 | 0.9 | $499.50 |
| Sarah H. Bryan | Associate | 2007 | $285.00 | 20.5 | $5,842.50 |
| Jeffrey M. Heller | Associate | 2007 | $285.00 | 0.5 | $142.50 |
| Teresa Gomez | Paraprofessional | N/A | $190.00 | 4.8 | $912.00 |
| **TOTAL** | | | | **26.7** | **$7,396.50** |
| **Blended Rate for All Timekeepers:** | | | | | **$277.02** |

**Services Rendered from June 1, 2010 – December 31, 2010 During the Application Period**

| Timekeeper | Title | Year of Illinois Bar Admission | Hourly Rate | Total Hours | Total Compensation Requested |
|---|---|---|---|---|---|
| Sarah H. Bryan | Associate | 2007 | $300.00 | 5.3 | $1,590.00 |
| Jeffrey M. Heller | Associate | 2007 | $300.00 | 0.4 | $120.00 |
| Teresa Gomez | Paraprofessional | N/A | $200.00 | 1.7 | $340.00 |
| **TOTAL** | | | | **7.4** | **$2,050.00** |
| **Blended Rate for All Timekeepers:** | | | | | **$277.03** |

**Services Rendered in 2011 During the Application Period**

| Timekeeper | Title | Year of Illinois Bar Admission | Hourly Rate | Total Hours | Total Compensation Requested |
|---|---|---|---|---|---|
| Sarah H. Bryan | Associate | 2007 | $325.00 | 1.5 | $487.50 |
| **TOTAL** | | | | **1.5** | **$487.50** |
| **Blended Rate for All Timekeepers:** | | | | | **$325.00** |

**Summary of Services Rendered:**

18.    In its role as litigation counsel to the Trustee, K&L Gates performed a variety of services during the Application Period, all of which were designed to maximize the value of the Debtor's bankruptcy estate and increase the potential distribution to creditors.  These efforts

were primarily focused on pursuing avoidance actions and advising the Trustee with respect to other potential litigation matters.

## EXPENSES INCURRED

19.     During the Application Period, K&L Gates incurred actual out of pocket expenses in the amount of $5,089.95, but due to previous amounts disallowed, K&L Gates is only seeking reimbursement for $4,893.45 of this total.  All of these expenses were necessary for the proper representation of the Trustee in this bankruptcy proceeding.  K&L Gates charges its private clients for expenses in the exact manner as requested herein.  The expenses are further detailed by category below, and as discussed:[3]

In-House Duplicating:  K&L Gates incurred in-house copying and printing charges in the amount of $1,887.20.  K&L Gates maintains a record of all in-house copies through a computerized system which requires an operator to key in a client's code number on a keypad attached to the copier.

Facsimile:  K&L Gates incurred $196.50 in facsimile charges.

Telephone:  K&L Gates incurred $0.35 in telephone charges.

Air Courier and Messenger Expenses:  K&L Gates incurred expenses in the amount of $371.33 in connection with necessary air courier and local messenger expenses to provide certain materials to parties in interest in a timely manner.  K&L Gates made every effort to use the appropriate service to keep costs to a minimum.

---

[3]     The following analysis includes the $196.50 in expenses that were disallowed pursuant to the First Interim Application.  As reflected in this Application and the total amounts requested herein, K&L Gates is not seeking reimbursement of such amounts previously disallowed.

Transportation and Meals:  K&L Gates incurred actual out-of-pocket expenses in the amount of $10.00 in relation to local travel and meals for attorneys working outside of regular business hours.

Postage:  K&L Gates incurred postage expenses in the amount of $371.53 largely in connection with mailing K&L Gates' First Interim Application.

Legal Research:  K&L Gates incurred $963.04 in connection with conducting legal research on Lexis and Westlaw.

Court Reporters:  K&L Gates incurred $40.00 in connection with obtaining certified copies of certain orders, copies of transcripts, and otherwise paying necessary court costs.

Filing Fees:  K&L Gates incurred $1,250.00 in connection with filing adversary complaints.

## NOTICE

20.    K&L Gates has given notice of this Application to (a) the United States Trustee, (b) the chapter 7 Trustee, and (c) all parties who formally requested notice in the Debtor's bankruptcy case and who appear on the service list in customary use in this case.  K&L Gates believes this notice is sufficient and requests that the Court waive any further notice requirement.

**WHEREFORE**, K&L Gates LLP respectfully requests that the Court enter an order:

(a)    allowing K&L Gates $141,328.00 in final compensation for the Application Period (which amount reflects the $180 reduction in fees requested in the First Interim Application) as chapter 11 administrative expenses of the Debtor's estate pursuant to sections 503(b) and 507(a)(2) of the Bankruptcy Code;

(b)    allowing K&L Gates $4,893.45 in final reimbursable expenses for the Application Period (which amount reflects the $196.50 reduction in expenses requested in the First Interim

Application) as chapter 11 administrative expenses of the Debtor's estate pursuant to sections

503(b) and 507(a)(2) of the Bankruptcy Code;

(c)     authorizing payment to K&L Gates in the amount of $27,277.00 in reasonable and

necessary fees and $3,216.04 in actual expenses for the period of August 1, 2009 through March

23, 2011;

(d)     granting such other and further relief this Court deems just and proper.

Dated:  November 28, 2011          **K&L GATES LLP**


By:     /s/ Jeffrey M. Heller

         Sven T. Nylen (No. 6278148)
         Jeffrey M. Heller (No. 6294314)
         K&L GATES LLP
         70 West Madison Street, Suite 3100
         Chicago, Illinois  60602
         Telephone:  312.372.1121
         Facsimile:  312.827.8000