**<u>EXHIBIT F</u>**

TRUSTEE'S FINAL REPORT

In re Holly Marine Towing, Inc.
Case No. 07-00266

**FINAL FEE APPLICATION OF JENNER & BLOCK LLP,**
**AS GENERAL COUNSEL FOR THE TRUSTEE,**
**FOR PAYMENT OF COMPENSATION FOR SERVICES RENDERED**
**AND FOR REIMBURSEMENT OF EXPENSES INCURRED**
**FOR THE PERIOD FROM OCTOBER 31, 2011, THROUGH JULY 31, 2013**

2229320.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| **HOLLY MARINE TOWING, INC.,** | ) | **CASE NO. 07-00266** |
| | ) | |
| Debtors. | ) | Honorable Timothy A. Barnes |
| | ) | |
| | ) | |
| | ) | **Hearing Date:  December 18, 2013** |
| | ) | **Hearing Time: 10:30 a.m.** |
| | ) | |

**NOTICE OF HEARING ON THE FINAL FEE APPLICATION OF
JENNER & BLOCK LLP, AS GENERAL COUNSEL FOR THE TRUSTEE,
FOR PAYMENT OF COMPENSATION FOR SERVICES RENDERED
AND FOR REIMBURSEMENT OF EXPENSES INCURRED
<u>FOR THE PERIOD FROM OCTOBER 31, 2011, THROUGH JULY 31, 2013</u>**

PLEASE TAKE NOTICE that on Wednesday, December 18, 2013, at 10:30 a.m., or as soon thereafter as counsel may be heard, we shall appear before the Honorable Timothy A. Barnes or any other judge who may be sitting in his place and stead in Courtroom 613 in the United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, and present the attached **Final Fee Application Of Jenner & Block LLP, As General Counsel For The Trustee, For Payment Of Compensation For Services Rendered And For Reimbursement Of Expenses Incurred For the Period From October 31, 2011, Through July 31, 2013.** You may appear at that time and place if you so desire.

Dated:  November 15, 2013

Respectfully submitted,

RONALD R. PETERSON, not individually but as chapter 7 case trustee for the bankruptcy estate of Holly Marine Towing, Inc.

By:_____*/s/  Ronald R. Peterson*_____
          Ronald R. Peterson

Ronald R. Peterson (02188473)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL  60654-3456
Telephone:  (312) 222-9350
Facsimile:  (312) 840-7381

2229320.1

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In Re  HOLLY MARINE TOWING, INC.,

|  |  |  |
|---|---|---|
| | ) | |
| | ) | Bankruptcy No. _____ 07-00266 |
| | ) | |
| Debtor. | ) | Chapter _____ 7 |

## COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION
### (IN CASES UNDER CHAPTERS 7, 11 AND 12)

Name of Applicant: _____     JENNER & BLOCK LLP _____

Authorized to Provide Professional Services to: _____ RONALD R. PETERSON, CHAPTER 7 TRUSTEE

Date of Order Authorizing Employment: _____ May 6, 2008 _____

Period for Which Compensation is Sought:

From _____ October 31 ____, 2011 ____ through _____ July 31 _____, 2013 ___

Amount of Fees Sought:   $ 13,947.00 _____

Amount of Expense Reimbursement Sought:   $ 145.02 _____

This is an:     Interim Application _____          Final Application ✓

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| November 11, 2011 | April 24, 2008-October 31, 2011 | $325,174.63 | $325,174.63 | $256,887.95 |

Dated: _____ October 28, 2013 _____          _____ Ronald R. Peterson _____
                                                              (Counsel)

(Rev 11/19/10)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 Liquidation |
| | ) | |
| **HOLLY MARINE TOWING, INC.,** | ) | Case No. 07 B 00266 |
| | ) | |
| Debtor. | ) | Honorable Timothy A. Barnes |
| | ) | |
| | ) | |
| | ) | **Hearing Date:  December 18, 2013** |
| | ) | **Hearing Time: 10:30 a.m.** |

### FINAL FEE APPLICATION OF
### JENNER & BLOCK LLP, AS GENERAL COUNSEL FOR THE TRUSTEE,
### FOR PAYMENT OF COMPENSATION FOR SERVICES RENDERED
### AND FOR REIMBURSEMENT OF EXPENSES INCURRED
### FOR THE PERIOD FROM OCTOBER 31, 2011, THROUGH JULY 31, 2013

Jenner & Block LLP ("Jenner"), general counsel to Ronald R. Peterson, the chapter 7 trustee (the "Trustee") for the estate of Holly Marine Towing, Inc. (the "Debtor"), hereby submits, pursuant to 11 U.S.C. §§ 327, 330 and 331 and the Order Granting Trustee's Motion to Retain General Counsel (the "Jenner Retention Order"), this final fee application (the "Application") for (a) interim approval and allowance of compensation in the amount of $13,947.00 for the reasonable and necessary legal services rendered to the Trustee for the period from October 31, 2011 through July 31, 2013 (the "Compensation Period"), and (b) interim approval and allowance of actual, reasonable and necessary expenses in the amount of $145.02 incurred during the Compensation Period.   In further support of this Application, Jenner respectfully states as follows:

### INTRODUCTION

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (B).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The statutory predicates for the relief requested herein are sections 328, 330 and 331 of Title 11 of the United States Code (11 U.S.C. §§ 101-1532, the "Bankruptcy Code"), as supplemented by Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 promulgated by the United States Department of Justice, dated on January 30, 1996 (the "UST Guidelines"), the Administrative Order and the Customer Adequate Protection Stipulation (collectively, the "Guidelines").

## BACKGROUND

3.     On January 8, 2007 (the "Petition Date"), the Debtor commenced this case (the "Case") in the United States Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Subsequently, on January 29, 2008, the U.S. Trustee moved to convert the Case to chapter 7. On March 26, 2008, the Case was converted to a chapter 7 case pursuant to section 1112 of the Bankruptcy Code.

4.     The Trustee was appointed interim chapter 7 trustee for the Case on March 31, 2008, and thereafter became the permanent case trustee. On April 23, 2008, the Trustee filed a motion seeking authorization to retain Jenner as his general counsel. The Court entered an order on May 6, 2008, approving the Trustee's retention of Jenner, effective as of April 23, 2008.

5.     On November 23, 2011, Jenner filed its First Interim Fee Application, seeking compensation for services rendered and expenses incurred from April 24, 2008 through October 31, 2011. (Doc. 771.) On December 21, 2011, the Court entered an order approving Jenner's First Interim Fee Application. (Doc. 791.)

2225432.2

PROFESSIONAL COMPENSATION
AND REIMBURSEMENT OF EXPENSES REQUESTED

6.      Jenner submits this Application seeking interim approval and allowance of compensation in the amount of $13,947.00 and of actual and necessary expenses in the amount of $145.02 incurred during the Compensation Period.

7.      The fees sought by this Application reflect an aggregate of 36.9 hours of attorney and paraprofessional time spent and recorded in performing services for the Trustee during the Compensation Period. Of the aggregate time expended, 3.5 recorded hours were expended by partners, 10.4 recorded hours were expended by counsel and associates, and 23.0 recorded hours were expended by paralegals and project assistants.

8.      During the Compensation Period, Jenner's hourly billing rates for attorneys working on these matters ranged from $360.00 to $850.00 per hour. Allowance of compensation in the amount requested would result in a blended hourly billing rate for attorneys of approximately $573.20. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

9.      Attached hereto as Exhibit A is a schedule setting forth all Jenner professionals and paraprofessionals who have performed services in this chapter 7 case during the Compensation Period, the capacities in which each such individual is employed by Jenner, the hourly billing rate charged for services performed by such individual, the aggregate number of hours expended in this matter and fees

2225432.2

3

billed therefor, the year in which each professional was first licensed to practice law, and the year in which each professional graduated from law school.

10.     Attached hereto as <u>Exhibit B</u> is a summary by project categories of the fees generated by the services performed during the Compensation Period and, for each separate project category, a list of each person providing services on the project, a statement of the number of hours spent, and the amount of compensation requested for each person on the project.

11.     Attached hereto as <u>Exhibit C</u> is a schedule specifying the categories of expenses for which Jenner is seeking reimbursement and the total amount for each such expense category; <u>Exhibit D</u> contains a detailed list of all expenses for which Jenner seeks reimbursement.  This schedule has been adjusted for and does not reflect certain expenses incurred by Jenner for which it will not be seeking reimbursement.

12.     The fees charged by Jenner in this case are billed in accordance with its existing billing rates and procedures in effect during the Compensation Period.  The rates Jenner charges for the services rendered by its professionals and paraprofessionals in this chapter 7 case are the rates charged by the firm for professional and paraprofessional services rendered in comparable non-bankruptcy related matters for work of this nature.  Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market.

13.     All of the services for which interim compensation is sought were rendered to the Trustee solely in connection with this case, in furtherance of the duties and functions of the Trustee and not on behalf of any individual creditor or other person.

14.     Jenner has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in this case.

15.     Jenner has not shared, or agreed to share, (a) any compensation it has received or may receive with another party or person, other than with the members, counsel and associates of the firm, or (b) any compensation another person or party has received or may receive. No promises have been received by Jenner or any member thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

## SUMMARY OF SERVICES PROVIDED AND EXPENSES INCURRED

16.     During the Compensation Period and in accord with the Jenner Retention Order, Jenner performed tasks aimed at furthering the following purposes (i) attending to residual matters relating to the appeal of the order approving settlement among the Estate, Glenn Dawson ("Dawson") and Holly Headland ("Headland"); and (ii) advising the Trustee, drafting briefs and attending hearings with respect to various other matters relating to the administration of the Estate.

17.     To provide an orderly summary of the services rendered to the Trustee by Jenner and in accordance with Guidelines, Jenner has established ten billing categories in connection with this case. Jenner only incurred fees in two of those categories during the Compensation period. The following summary is intended to highlight the services rendered in each separate billing category and is not intended to be a comprehensive detailed description of the work performed. Detailed descriptions of the day-to-day services provided and the time expended performing such services in each project billing category are attached as Group Exhibit E hereto. A list by project billing category of each person providing services on the project, a statement of

the number of hours spent and the amount of compensation requested for each person on the project are annexed in <u>Exhibit B</u>.

18.    The primary professional services that Jenner rendered during the Compensation Period are described below.

(1)    <u>Fee Application</u>

19.    Time recorded in this category primarily encompassed the preparation of this fee application and fee applications for certain other estate professionals.

20.    During the Compensation Period, Jenner expended 33.9 hours, at an aggregate charge of $11,824.50, on matters relating to the preparation of fee applications.

(2)    <u>Defense Against Scouler & Company LLC's Appeal</u>

21.    After the Court entered an order approving the Dawson/Headland Settlement, Scouler & Company LLC ("Scouler")—a chapter 11 administrative creditor—filed a motion to amend the order approving the settlement, which this Court denied.  Scouler appealed to the district court, the Trustee defended this Court's decision and the district court affirmed.  Scouler then appealed to the Seventh Circuit, which ultimately affirmed the settlement approval.  The time in this category relates to a handful of housekeeping tasks Jenner undertook to advise the Trustee following the Seventh Circuit's ruling

22.    During the Compensation Period, Jenner expended 3.0 hours, at an aggregate charge of $2,122.50, on matters relating to Scouler's appeal of the Dawson/Headland Settlement.

<u>THE REQUESTED COMPENSATION SHOULD BE ALLOWED</u>

23.    The foregoing professional services rendered during the Compensation Period were necessary and appropriate to the administration of the chapter 7 case and were in the best interests of the parties in interest.  Compensation for the foregoing services as requested is

6

2225432.2

commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved. Jenner has taken significant efforts to ensure that the professional services were performed with expedience and in an efficient manner and without duplication of effort.

24.     In preparing this Application, Jenner calculated the amount of time spent by each attorney and paralegal in performing actual and necessary legal services for the Trustee. That data came directly from computer printouts that are kept on each Jenner client. Time entries are kept on daily logs or on computer hard drives. These entries are in turn reported to the firm's main frame computer, which produced the time records for this Application. Jenner attorneys have reviewed the computer printouts for errors.

25.     The rates used in Application are the customary and usual rates which Jenner charges clients on matters of this type. In addition, the disbursements for which Jenner seeks reimbursement are the customary and usual expenses for which Jenner seeks reimbursement from its clients. Jenner charges 10¢ per page for duplicating. Jenner does not charge its clients telecopies, data research and many overtime expenses, and takes those expenses into account in its overhead. Jenner does not include charges for long distance telephone, postage, messenger services or duplicating in its overhead because it has determined that it is fairer to its smaller clients who proportionately use less of these services to have these expenses billed separately. According to its outside auditors, these charges fairly approximate the firm's actual costs and do not result in undue revenue for the firm. The firm's hourly rates used for this Application do not compensate the firm for such expenses.

26.     Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services

rendered … and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).  Section

330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including
>
> (A)   the time spent on such services;
>
> (B)   the rates charged for such services;
>
> (C)   whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)   whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (E)   whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Id. § 330(a)(3).

27.   In the case at bar, Jenner respectfully submits that the services for which it seeks

compensation in this Application were necessary for and beneficial to the Trustee's efforts in

administrating the Debtor's estate, and necessary to and in the best interests of the Debtor's

estate. Jenner further submits that the compensation requested herein is reasonable in light of the

nature, extent, and value of such services provided to the Trustee.

28.   Jenner used its considerable internal resources to ensure that attorneys with

specific knowledge and practice area concentrations addressed non-bankruptcy issues, thereby

minimizing unnecessary research and costs to the Debtor's estate.  To the extent reasonably

2225432.2

practical, drafting and research tasks were assigned to attorneys at the associate level, while partners engaged in key negotiations and litigation.

29.     The rates charged by Jenner in this case are its standard rates for any bankruptcy matter, and are identical to the rates it would charge throughout the country in any bankruptcy case of this size and prominence.   The rates charged by Jenner also are consistent with reasonable and customary hourly rates charged by other attorneys throughout the country in matters of similar complexity and scope.

30.     In sum, the services rendered by Jenner were necessary and beneficial to the Debtor's estate, and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved.   Accordingly, approval of the interim compensation sought herein for the Compensation Period is warranted.

NOTICE

31.     The Trustee has given 30 days' notice of the Motion to:   (a) the United States Trustee, and (b) all parties who formally requested notice in the Debtor's bankruptcy case and who appear on the service list in customary use in this case.   The Trustee believes this notice is sufficient and requests that the Court waive any further notice requirement.

## Conclusion

WHEREFORE, Jenner respectfully requests: (i) allowance and payment of compensation for professional services rendered during the Compensation Period in the amount of $13,947.00; (ii) reimbursement for actual and necessary expenses Jenner incurred during the Compensation Period in the amount of $145.02; and (iii) that the Court grant Jenner such other and further relief as is just.

Dated:  October 28, 2013

Respectfully submitted,

RONALD R. PETERSON, not individually but as chapter 7 trustee for the bankruptcy estate of Holly Marine Towing, Inc.

By:/s/ *Ronald R. Peterson*
One of his attorneys

Ronald R. Peterson
Michael J. Kelly
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL  60654-3456
Telephone:  (312) 222-9350
Facsimile:  (312) 840-7381

2225432.2

10

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 Liquidation |
| | ) | |
| **HOLLY MARINE TOWING, INC.,** | ) | Case No. 07 B 00266 |
| | ) | |
| Debtor. | ) | The Honorable Susan Pierson Sonderby |
| | ) | |
| | ) | |
| | ) | |

## DECLARATION OF RONALD R. PETERSON

I, Ronald R. Peterson, pursuant to 28 U.S.C. § 1746, do declare as follows:

1.      I am a Partner in the firm of Jenner & Block LLP ("Jenner"), which serves as special counsel to the Trustee in the above-captioned chapter 7 case.

2.      I have read the foregoing Application of Jenner for allowance of compensation and reimbursement of expenses and know the contents thereof and that the same are true and correct, to the best of my knowledge, information and belief.

3.      There is no agreement or understanding between Jenner and any other person for a division of compensation as counsel to the Trustee.

4.      No division prohibited by the Bankruptcy Code will be made by Jenner.

5.      No agreement prohibited by Title 18, Section 155 has been made.

6.      I declare under penalty of perjury that the foregoing is true and correct.


_____ /s/ Ronald R. Peterson_____
**Ronald R. Peterson**

Executed this 28th day of October, 2013.


2225432.2

# EXHIBIT A

## Compensation by Professional

| PARTNERS | | | | | |
|---|---|---|---|---|---|
| Full Name | Department | Year of Admission | Rate | Time | Amount |
| Ronald R Peterson | Commercial | 1974 | 800 | 2.00 | $1,600.00 |
| Barry Levenstam | Litigation | 1978 | 850 | 1.50 | $1,275.00 |
| **PARTNER TOTALS** | | | | **3.50** | **$2,875.00** |

| ASSOCIATES | | | | | |
|---|---|---|---|---|---|
| Full Name | Department | Year of Admission | Rate | Time | Amount |
| Michael J. Kelly | Commercial | 2006 | 590 | 1.80 | $1,062.00 |
| | | | 550 | 2.40 | $1,320.00 |
| | | | 505 | 3.30 | $1,666.50 |
| **ASSOCIATE TOTALS** | | | | **7.50** | **$4,048.50** |

| STAFF ATTORNEYS | | | | | |
|---|---|---|---|---|---|
| Full Name | Department | Year of Admission | Rate | Time | Amount |
| Jason N. Knapp | Litigation | 2006 | 360 | 2.90 | $1,044.00 |
| **STAFF ATTORNEYS TOTALS** | | | | **2.90** | **$1,044.00** |

| PARALEGALS AND PROJECT ASSISTANTS | | | |
|---|---|---|---|
| **Full Name** | Rate | Time | Amount |
| Lowell T. Yap | 310 | 4.70 | $1,457.00 |
| | 295 | 3.60 | $1,062.00 |
| | 280 | 0.20 | $56.00 |
| Toi D. Hooker | 295 | 2.50 | $737.50 |
| Michael H. Matlock | 280 | 5.70 | $1,596.00 |
| Marc A. Patterson | 170 | 6.30 | $1,071.00 |
| **PARALEGALS AND PROJECT ASSISTANTS TOTALS** | | **23.00** | **$5,979.50** |
| **GRAND TOTAL** | | **36.90** | **$13,947.00** |

Attorney's Blended Attorney Rate  $573.20

# EXHIBIT B

### Time Summary By Matter

| Name | Time | Rate | Amount |
|------|------|------|--------|
| **FEE APPLICATIONS - 11108** | | | |
| Ronald R Peterson | 2.00 | 800 | $1,600.00 |
| Michael J. Kelly | 0.90 | 590 | $531.00 |
| | 2.10 | 550 | $1,155.00 |
| | 3.00 | 505 | $1,515.00 |
| Jason N. Knapp | 2.90 | 360 | $1,044.00 |
| Lowell T. Yap | 4.70 | 310 | $1,457.00 |
| | 3.60 | 295 | $1,062.00 |
| | 0.20 | 280 | $56.00 |
| Toi D. Hooker | 2.50 | 295 | $737.50 |
| Michael H. Matlock | 5.70 | 280 | $1,596.00 |
| Marc A. Patterson | 6.30 | 170 | $1,071.00 |
| **Total** | **33.90** | | **$11,824.50** |
| **SCOULER & COMPANY APPEAL - 11167** | | | |
| Barry Levenstam | 1.50 | 850 | $1,275.00 |
| Michael J. Kelly | 0.90 | 590 | $531.00 |
| | 0.30 | 550 | $165.00 |
| | 0.30 | 505 | $151.50 |
| **Total** | **3.00** | | **$2,122.50** |
| **Grand Total** | **36.90** | | **$13,947.00** |

# EXHIBIT C

| Expense Summary | |
|---|---|
| **Category** | **AMOUNT** |
| Lexis Research | $24.10 |
| Pacer Charges | $67.92 |
| Photocopy Expense | $53.00 |
| **Total** | **$145.02** |

# EXHIBIT D

LAW OFFICES

# JENNER & BLOCK LLP
353 N. CLARK STREET
CHICAGO, ILLINOIS 60654-3456
(312) 222-9350

**DISBURSEMENTS - HOLLY MARINE TOWING, INC.**                     MATTER NUMBER- 11132

## DETAILED DISBURSEMENTS

| | | |
|---|---|---:|
| 10/4/2011 | Pacer Charges JB0014 July-September 2011 | 9.92 |
| 10/4/2011 | Pacer Charges JB0014 July-September 2011 | 8.88 |
| 11/30/2011 | Photocopy | 28.80 |
| 1/4/2012 | Pacer Charges; PACER SERVICE CENTER; 01/04/2012 | 1.52 |
| 1/4/2012 | Pacer Charges; PACER SERVICE CENTER; 01/04/2012 | 16.40 |
| 1/4/2012 | Pacer Charges; PACER SERVICE CENTER; 01/04/2012 | .24 |
| 1/31/2012 | Lexis Research | 24.10 |
| 4/3/2012 | Pacer Charges; PACER SERVICE CENTER; 04/03/2012 | 5.36 |
| 5/4/2012 | Photocopy & Related Expenses | 1.98 |
| 7/6/2012 | Pacer Charges; PACER SERVICE CENTER; 07/06/2012 | 7.10 |
| 7/6/2012 | Pacer Charges; PACER SERVICE CENTER; 07/06/2012 | 3.80 |
| 8/31/2012 | Photocopy & Related Expenses | -1.98 |
| 3/25/2013 | Photocopy | 8.30 |
| 3/28/2013 | Photocopy | 7.60 |
| 3/29/2013 | Photocopy | 8.30 |
| 4/4/2013 | Pacer Charges; PACER SERVICE CENTER; 04/04/2013 | 7.00 |
| 4/4/2013 | Pacer Charges; PACER SERVICE CENTER; 04/04/2013 | 2.80 |
| 7/3/2013 | Pacer Charges; PACER SERVICE CENTER; 07/03/2013 | 4.90 |
| | TOTAL DISBURSEMENTS | $ 145.02 |

| | |
|---|---:|
| MATTER 11132 TOTAL | $ 145.02 |

ALL PAYMENTS DUE WITHIN 30 DAYS OF INVOICE                Federal Identification No. 36-2192554

# EXHIBIT E

LAW OFFICES

# JENNER & BLOCK LLP
353 N. CLARK STREET
CHICAGO, ILLINOIS  60654-3456
(312) 222-9350

FEE APPLICATION - HOLLY MARINE TOWING, INC.                    MATTER NUMBER- 11108

| | | | | |
|---|---|---|---|---:|
| 11/14/2011 | MJK | 0.30 | Revised time for fee appearance. | 151.50 |
| 11/21/2011 | MXP | 3.50 | Reviewed invoices and prepared exhibits to Jenner & Block's fee application. | 595.00 |
| 11/22/2011 | MHM | 1.00 | Drafted, proofread and revised cover sheet for fee application. | 280.00 |
| 11/22/2011 | MHM | 1.80 | Reviewed official e-mailing list and prepared certificate of service notice of hearing. | 504.00 |
| 11/22/2011 | MHM | 1.20 | Drafted, proofread and revised notice of hearing on fee application. | 336.00 |
| 11/22/2011 | MXP | 1.40 | Updated exhibits to Jenner & Block's fee application. | 238.00 |
| 11/22/2011 | MJK | 2.00 | Revised draft fee application and conferences with L. Huff, M. Patterson and M. Matlock re same (1.5); revised same (.5). | 1,010.00 |
| 11/23/2011 | MHM | 1.70 | Worked on e-filing and service of first fee application and notice. | 476.00 |
| 11/23/2011 | MXP | 1.40 | Updated exhibits to Jenner & Block's fee application. | 238.00 |
| 11/23/2011 | MJK | 0.30 | Finalized fee application and coordinated filing and service. | 151.50 |
| 12/20/2011 | LTY | 0.20 | Worked on e-filing revised fee order. | 56.00 |
| 12/20/2011 | RRP | 2.00 | Attended Court on Fee Application / long call. | 1,600.00 |
| 12/20/2011 | MJK | 0.40 | Prepared R. Peterson for fee hearing (.2); revised order and facilitated filing (.2). | 202.00 |
| 1/23/2012 | LTY | 2.90 | Prepared notice of motion and certificate of service, service list, cover sheet, declaration of electronic filing and fillable proposed order re Lasko 2nd and 3rd fee applications (2.20); readied same for ECF filing (.70). | 855.50 |

ALL PAYMENTS DUE WITHIN 30 DAYS OF INVOICE                    Federal Identification No. 36-2192554

LAW OFFICES
## JENNER & BLOCK LLP
353 N. CLARK STREET
CHICAGO, ILLINOIS 60654-3456
(312) 222-9350

| | | | | |
|---|---|---|---|---|
| 1/24/2012 | LTY | 0.70 | Updated notice and certificate of service (.20); readied Lasko's 2nd and 3rd fee applications for ECF filing (.20); e-filed same and declaration of electronic filing (.30). | 206.50 |
| 1/24/2012 | MJK | 0.30 | Reviewed Lasko fee application for filing. | 165.00 |
| 3/14/2012 | MJK | 1.00 | Attended hearing on Lasko. | 550.00 |
| 5/3/2012 | TDH | 1.50 | Prepared notice, declaration, cover sheet, proposed order and certificate of service for Lasko fee application. | 442.50 |
| 5/4/2012 | TDH | 1.00 | Revise pleadings and ECF file Lasko application. | 295.00 |
| 5/29/2012 | MJK | 0.80 | Attended hearing on Lasko fee application. | 440.00 |
| 1/3/2013 | LTY | 2.20 | Prepared notice of motion and certificate of service, service list, cover sheet and proposed order re Lasko 5th fee applications (1.60); readied same for ECF filing (.40); e-filed same (.10); downloaded 4th fee order (.10). | 682.00 |
| 1/29/2013 | JNK | 1.60 | Holly Marine: Appeared at hearing on interim fee application of A. Lasko (1.4); conferred with R. Peterson, M. Kelly, and L. Raiford re same (.2). | 576.00 |
| 3/25/2013 | LTY | 0.20 | Reviewed case docket re A. Lasko's fee applications and downloaded fee orders. | 62.00 |
| 3/25/2013 | MJK | 0.20 | Emails and conference with L. Yap re Lasko fees. | 118.00 |
| 3/28/2013 | LTY | 2.00 | Prepared notice of motion and certificate of service, service list, cover sheet and proposed order re Lasko 6th fee applications (1.50); readied same for ECF filing (.30); e-filed same (.20). | 620.00 |
| 4/24/2013 | JNK | 0.80 | Appeared at hearing on Lasko fee application. | 288.00 |
| 4/26/2013 | JNK | 0.30 | Reviewed case docket re order authorizing A. Lasko interim fees. | 108.00 |
| 4/29/2013 | JNK | 0.20 | Reviewed order authorizing compensation to A. Lasko and conferred with R. Peterson re same. | 72.00 |
| 5/2/2013 | LTY | 0.30 | Worked on obtaining Lasko fee orders. | 93.00 |

LAW OFFICES

## JENNER & BLOCK LLP
353 N. CLARK STREET
CHICAGO, ILLINOIS  60654-3456
(312) 222-9350

| 5/2/2013 | MJK | 0.70 | Conference with R. Peterson re wrapping up date (.2); began tabulating administrative fees remaining against estate and prepared for final fee application (.5). | 413.00 |
| | | 33.90 | PROFESSIONAL SERVICES | $11,824.50 |

MATTER 11108 TOTAL                                                      $11,824.50

Federal Identification No. 36-2192554

LAW OFFICES

# JENNER & BLOCK LLP
353 N. CLARK STREET
CHICAGO, ILLINOIS 60654-3456
(312) 222-9350

HOLLY MARINE TOWING, INC. - SCOULER &
COMPANY APPEAL

MATTER NUMBER- 11167

| | | | | |
|---|---|---|---|---:|
| 12/27/2011 | MJK | 0.30 | Reviewed Scouler sanctions motion again Bauch. | 151.50 |
| 1/6/2012 | MJK | 0.30 | Reviewed decision affirming District Court and Bankruptcy Court approval of settlement agreement and emails to group re same. | 165.00 |
| 1/6/2012 | BL | 1.50 | Received decision of Seventh Circuit; conferred with M. Kelly and R. Peterson re same. | 1,275.00 |
| 5/6/2013 | MJK | 0.90 | Worked on fee application. | 531.00 |
| | | 3.00 | PROFESSIONAL SERVICES | $2,122.50 |

MATTER 11167 TOTAL

$2,122.50

Federal Identification No. 36-2192554